## Dzikowska v. Superior Steel Company et al., Appellants.

*Workmen's Compensation Law—Injury in course of employment —Interval of leisure while awaiting material—Lighting cigarette— Clothes catching afire—Death—Award—Act of June 3, 1915, P. L. 736.*

1. In order to hold an employer liable under the Workmen's Compensation Law of 1915 it is not necessary to show that the injury arose out of the employment. It is sufficient if it occurred in the course of employment, except for injuries intentionally self-inflicted, or caused by an act of a third person intended to injure the workman for reasons personal to him.

2. An employer is liable for compensation for an injury sustained by a workman during a short interval in his work while awaiting the arrival of material with which to work.

3. Acts of ministration by a servant to himself, such as quenching his thirst, satisfying his hunger, and protecting himself from excessive cold, the performance of which while at work are reasonably necessary to his health and comfort, are incident to his employment and acts of service therein within the workmen's compensation acts, although they are only indirectly conducive to the purpose of the employment.

4. An employment is not broken by mere intervals of leisure such as those taken for a meal and if an accident occurs to a workman during such time the employer is liable even though the workman is paid by the hour for the time he is actually at work, especially where the accident occurs on the employer's premises, or about his property, unless the workman is doing something that is wholly foreign to his employment.

5. It is not unreasonable for workmen to smoke out of doors, during intervals in their work, where it does not interfere with their duties.

6. Where an employee, during an intermission in his work, while

waiting for material, struck a match for the purpose of lighting a cigarette and as a result his clothing, saturated with oil, by reason of the work in which he was engaged, caught on fire and he was fatally burned, an award of compensation to his dependents was properly made.

Argued Oct. 11, 1917.   Appeal, No. 104, Oct. T., 1917, by defendants, from judgment of C. P. Allegheny Co., April T., 1917, No. 1090, dismissing exceptions to decision of the Workmen's Compensation Board, in case of Mary Dzikowska v. Superior Steel Company and Ætna Life Insurance Company.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Exceptions to award of Workmen's Compensation Board.   Before EVANS, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions.   Defendants appealed.

*Errors assigned* were in dismissing the exceptions.

*John G. Frazer,* with him *David A. Reed,* and *Reed, Smith, Shaw & Beal,* for appellants.—The deceased was not engaged in the furtherance of the business of his employer at the time of the accident and his dependents are not entitled to recovery: Tomkoska v. Pressed Steel Car Co., 2 Dept. Rep. (Pa.) 1708; Peterson v. Davis Lupton's Sons Co., 2 Dept. Rep. (Pa.) 841; Smith v. Lancashire & Yorkshire Ry., 1 Queen's Bench 141—1899.

*Allan Davis,* for appellee.—The deceased was clearly engaged in furthering his master's business at the time of his injury: Botto et al. v. Hamilton et al., Dauphin Co. Rep., 1917, Vol. 20, 57; Amerzor v. Jones & Laughlin Steel Co., 2 Dept. Rep. Pa. 2517; McManus v. Winter Garden Co., 2 Dept. Rep. Pa. 1980; Chambers v. Woodbury Mfg. Co., 106 Md. 496; Bolden v. Greer, 2 Dept. Rep. Pa. 2677.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

This is an appeal by the Superior Steel Company, and the Ætna Life Insurance Company, as insurance carrier, from an order of the Court of Common Pleas of Allegheny County, dismissing exceptions to a decision by the Workmen's Compensation Board, awarding compensation to the widow and minor children of Victor Dzikowska, deceased.

There are five assignments of error, all to the dismissal of exceptions filed by appellants. They raise but one question, which is stated in substantially the same form by counsel for appellants and appellee, the statement of the latter being as follows: "During an intermission in the work of a mill, an employee struck a match supposedly for the purpose of lighting a stogie or cigarette, and as a result his clothing caught fire and he was fatally burned. Was he injured by an accident occurring in the course of his employment, within the meaning of the Workmen's Compensation Act of 1915?"

Section 301 of that Act, June 3, 1915, P. L. 736, provides that when employer and employee shall by agreement, either express or implied, accept the elective compensation provisions of the act, "compensation for personal injury to, or for the death of, such employee, by an accident, in the course of his employment, shall be made in all cases by the employer, without regard to negligence,......provided that no compensation shall be made when the injury or death be intentionally self-inflicted." In the same section it is further provided: "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by the act of a third person intended to injure the employee for reasons personal to him, and not directed against him as an employee or because of his employment; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere......"

In the case at bar Dzikowska, appellee's husband, with other workmen, was engaged in the shipping room loading steel upon a railroad car. They had loaded all the steel at hand, and were waiting for the arrival of trucks with more steel. Dzikowska wore an apron of burlap, and also had burlap wrapped around his arms for the purpose of protecting him in handling the steel, much of which was oiled, so that his clothing was more or less saturated with oil. He stepped out of the shipping room and went into a box car, supposedly in order to smoke, as he said afterwards that, in striking a match upon his trousers, the burlap apron caught fire. No one saw him at the moment, but directly afterward he ran out of the car all aflame, and was so badly burned that his death resulted in a few days.

In the compensation acts of some of the states, compensation is allowed only for injuries "arising out of and in the course of his employment" thus attaching two conditions to the right to recover. In the Pennsylvania statute, the words "arising out of" do not appear, and we are, therefore, relieved from the necessity of considering the question whether in this case the accident arose out of, or was due to the character of the employment. Under our statute compensation is given for personal injury or death of an employee "by an accident in the course of his employment," and it is further provided that, while the term used shall not include certain injuries caused by acts of third persons, it "shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere."

The fact that, in the present case, Dzikowska met with an accident during a short interval of waiting for the arrival of more material to load, made no difference. His period of employment was not broken thereby. He was discharging precisely the duty laid upon him by his employer, and in the manner expected of him. As the

court below said, "This was not a rest period. It was not a period when, by the rules of the employment, the employee was free from the duties of his employment. It was an indeterminate period of waiting for the occurrence of an event which would renew the active operations of the employment. That might be a minute, or it might be very much more. But the employee had not been called off from work, and, in renewing his work, would not be called back. He was there ready to work as soon as the material was ready for his hand." What we regard as a sound statement of the principle involved, appears in 1 Honnold on Workmen's Compensation, Section 111, as follows: "It cannot be said that the employment is broken by mere intervals of leisure such as those taken for a meal. If an accident happened at such a time, there would be no break in the employment, even though the workman is paid by the hour for the time he is actually at work, especially where the accident occurs on the employer's premises, or about his property, unless the workman is doing something that is wholly foreign to his employment. Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the workmen's compensation acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure drink, refreshments, food, or fresh air, or to rest in the shade."

Nor do we regard the fact that the accident resulted from his striking a match for the purpose of enabling him to smoke at that time and place, as being sufficient to debar him and his dependents from the benefits of the

statute. It is not unreasonable for workmen to smoke out of doors, during intervals of work, where it does not interfere with their duties. And in this instance the foreman testified that he did not interfere with the men when they were smoking outside of the building, but he did not allow smoking inside.

The evidence showed that the burlap apron worn by Dzikowska for the purpose of protecting his clothes while he was working, which was soaked with oil from the steel, first caught fire from the match and the flames communicated to the burlap wrappings on his arms, worn for the same purpose, and also oil soaked. If he had not worn these wrappings, or if they had not become unusually inflammable by reason of the work in which he was engaged for his employer, the accident would probably not have occurred. It is not unusual for men to strike matches on their trousers, without thought of danger. The peril in the present case arose, or was at least greatly increased, by the use of burlap wrappings worn for the purposes of the workman's employment, and their inflammable condition resulted directly from that employment. Dzikowska was, of course, negligent in striking the match upon his oil soaked clothes. But, under the Workmen's Compensation Act of 1915, contributory negligence on the part of the workman is not a defense. The employer is liable for accidents in the course of employment, except for injuries "intentionally self-inflicted," or caused by an act of a third person intended to injure the workman for reasons personal to him.

The assignments of error are overruled, and the judgment is affirmed.