## Hale *v.* Savage Fire Brick Company, Appellant.

*Workmen's Compensation Act—Injuries in course of employment—Injuries sustained while playing with fellow workmen—Right to compensation.*

An employee is entitled to recover compensation under the Act of June 2, 1915, P. L. 736 (Workmen's Compensation Act) for injuries received through falling over a wall, while attempting to escape from his fellow employees on the property of his employer during the lunch hour.

The Pennsylvania Workmen's Compensation Act differs from that in force in many states in that it does not require that the accident resulting in an injury must "arise out of the employment" but only that it occur "in the course of the employment." In most other jurisdictions both elements must be present, viz: the accident must arise out of and in the course of the employment.

The Pennsylvania statute does not require that the employee should be actually engaged in his work when he is injured in order to make his injury compensable.

Compensation, under tht Workmen's Compensation Act of Pennsylvania, has nothing to do with the question of negligence or contributory negligence. It is not awarded because the employer is at fault or withheld from the workman because he himself is at fault, providing the injury is not intentionally self-inflicted. The purpose of the act is to relieve to some extent the employee, who has been injured in the course of his employment, from the economic consequences of his injury and make them a part of the cost of the operation of the business, to be paid ultimately by the consuming public, and the act should be construed so as to carry this purpose into effect.

Argued October 28, 1920. Appeal, No. 151, Oct. T., 1920, by defendant from judgment of C. P. Bedford County, Nov. T., 1917, No. 130, affirming award by Workmen's Compensation Board in the case of Nathan Hale v. Savage Fire Brick Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from the award of the Workmen's Compensation Board. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Frank P. Martin,* and with him *Dalzell, Fisher & Dalzell,* for appellant, cited: Peterson v. Davis Lupton's Sons Co., 2 Dept. Rep. 842; Wm. H. Woodward v. Wm. H. Mitchell, 3 Dept. Rep. 1529; Ephraim Ward v. Estate of Wm. Thompson, 2 Dept. Rep. 507; Rose Desarno v. Delaware, Lackawanna & Western Railroad Company, 2 Dept. Rep. 1271; James Preston v. John Hulbert et al., 2 Dept. Rep. 588; Anna Anderson v. Terry & Tench, 3 Dept. Rep. 1515; Dzikowska v. Superior Steel Co., 259 Pa. 578; Blouss v. D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95.

*Simon H. Sell,* for appellee.

OPINION BY KELLER, J., March 5, 1921:

This is a case arising under the Workmen's Compensation Act of 1915.

The referee found—and there was evidence to support the finding—that the claimant, Hale (a boy eighteen years old), was employed by appellant as a laborer, to open and close doors. That on April 2, 1919, about 12:15 o'clock while he was eating his lunch on the employer's premises, as was his custom, near his place of work, he was approached by two fellow workmen (of about the same age), who asked him for some tobacco, and on being refused made an attempt to seize claimant and take the tobacco from him; in running away from them claimant fell over a wall eighteen inches high in the flue house on to a brick pavement eight feet below fracturing both wrists. No ill feeling existed between the boys, and the

claimant had no part in the tussle other than attempting to escape. The accident occurred on the employer's premises during the regular interval of thirty minutes allowed for lunch (12:00 to 12:30), which appellant permitted its employees to eat on its premises. The referee concluded that the injury was such as was contemplated by section 301 of the act,—in other words, that it resulted from an accident in the course of claimant's employment,—and that it was not caused by an act of a third person intended to injure the employee because of reasons personal to him, and awarded compensation. An appeal to the Workmen's Compensation Board was dismissed, and on appeal to the court of common pleas, the decision of the board was affirmed.

The appellant contends that the award should not be permitted to stand because, it is alleged, the injury was not sustained while the claimant was actually engaged in his work. The statute does not require that he should be, to make his injury compensable.

Section 301 of the act provides that compensation shall in all cases be made by the employer "for personal injury to, or for the death of, such employee, by an accident, in the course of his employment......without regard to negligence," except when the injury or death is intentionally self-inflicted. It further provides: "The term 'injury by an accident in the course of his employment' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who though not so engaged, is injured upon the premises oc-

cupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of the employment."

It will be noted that these clauses relating to the term "injury by an accident in the course of his employment" do not purport to be a definition of that phrase; they simply provide that certain injuries shall not be included in the term and that certain others shall; they explain but do not limit the term except as they provide what shall not be included thereby. We are therefore, called upon to decide whether the basic facts as found by the referee negative his conclusion that the claimant was injured by an accident in the course of his employment.

Our Supreme Court has pointed out in the clearest of language that our Workmen's Compensation Act differs from that in force in most other states in this country and in England, in that it does not require that the accident resulting in injury must "arise out of the employment" but only that it occur "in the course of the employment": Dzikowska v. Superior Steel Co., 259 Pa. 578, p. 581; Lane v. Horn & Hardart Baking Co., 261 Pa. 329, p. 335; Clark v. Lehigh Valley Coal Co., 264 Pa. 529, p. 532. In most other jurisdictions both elements must be present, viz: the accident must arise (1) out of and (2) in the course of the employment.

This makes all the difference in the world in considering an injury resulting from accident in circumstances such as are shown in the present case.

While it is the general rule that accidental injuries from some sportive act on the part of a fellow workman, such as occurred in the present case, are not ordinarily compensable in other jurisdictions, an examination of the authorities shows that they were so decided because the injuries in such cases did not arise out of the employment; definite recognition was generally given that they had occurred in the course of the employment, but as

both elements had to be present in such jurisdictions they were held not compensable.

In Hulley v. Moosbrugger, 95 Atl. 1007, the Court of Errors and Appeals of New Jersey held, reversing the Supreme Court (93 Atl. 79), that where a plumber who was engaged on an outside job quit work at about five o'clock and came to the shop to get a fitting and while passing to the bin dodged the arm of a fellow workman sportively thrown out and in doing so slipped and fell on the descending concrete floor, from which injuries he died, the accident did not arise out of his employment. The court said: "For while an accident happening in such circumstances may arise in the course of it, it cannot be said to arise out of the employment," p. 1010. In Coronado Beach Co. v. Pillsbury, 158 Pac. 212, where an employee carrying a bucket of rubbish down steps was playfully punched or tickled in the back causing his fall and injury, the Supreme Court of California held that the injury occurred in the course of, but did not arise out of, his employment. In Tarpper v. Weston-Mott Co., 166 N. W. 857 (Mich.), where an employee at work as riveter's helper was seized by another, who held an air hose to his rectum, while a third turned on the air, injuring him, it was held that such injury arose in the course of, but not out of his employment. The same distinction is made in: Pierce v. Boyer-Van Kuran Co., 156 N. W. 509 (Neb.); Stuart v. Kansas City, 171 Pac. 913 (Kan.); Mann v. Glastonbury Knitting Co., 96 Atl. 368 (Conn.), concurring opinion of WHEELER, J.  To the same effect in England, see Armitage v. L. & Y. Ry. Co., L. R. 1902, 2 K. B. 178, where an accident caused by similar horseplay resulting in injury was held not to have arisen out of the employment, though it might be said to have arisen in the course of it, and Fitzgerald v. Clarke, L. R. 1908, 2 K. B. 796.

Bradbury's Workmen's Compensation goes even further and holds that where an accident happens to a workman during the period of his employment, by reason of

his own act entirely foreign to the work he was employed to do, such as himself playing a practical joke, and not simply being the object of it at the hands of a fellow workman, the accident could be said to have occurred "during the course of" the employment, but could not be said "to arise out of" the employment: p. 398.

Even in those states which provide that the accident must arise out of, as well as in the course of, employment, for the resulting injury to be compensable, the rule has been relaxed wherever the sportive act causing the injury has been so usual that it was known to the employer or might be expected in connection with the employment and in such cases the injury has been held not only to have occurred in the course of the employment but also to have arisen out of it. Examples are found in: Markell v. Daniel Green Felt Co., 116 N. E. 1060 (N. Y.); Pekin Cooperage Co. v. Industrial Board, 115 N. E. 128 (Ill.); In re Loper, 116 N. E. 324 (Ind.); In re Heitz, 112 N. E. 750 (N. Y.); State ex rel. v. Dist. Ct., 158 N. W. 713 (Minn.); White v. Stockyards, 177 Pac. 522 (Kan.); Challis v. London & S. W. Ry. Co., L. R. 1905, 2 K. B. 154; Thomas v. Procter & Gamble Mfg. Co., 179 Pac. 372 (Kan.). The last named case is very similar in its facts to the present one.

Under our statute, therefore, we have no hesitation in holding that the claimant would have been entitled to compensation had the accident occurred under the circumstances in this case while he was performing his regular work for his employer. Does he lose his right to it by the fact that the accident happened while he was eating his lunch on the employer's premises during the regular thirty-minute lunch period?

Following the language used with approval in Dzikowska v. Superior Steel Co., 259 Pa. 578, this court has already held in Blouss v. D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95, that a workman's employment is not broken by a short interval of time taken for the noonday meal, where he remains on the employer's premises

(unless he is doing something that is wholly foreign to his employment), and that in such circumstances he is still engaged in the furtherance of the business or affairs of the employer. "Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the Workmen's Compensation Acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure drink, refreshments, food or fresh air or to rest in the shade," pp. 97, 98.

The appellant contends, however, that this rule cannot apply to a defined lunch hour but must be limited to food eaten during a moment of leisure snatched from work. The rule, which is generally recognized in all jurisdictions, is not usually so construed. It is generally held to apply to all cases where the employer permits his workmen to eat their lunch or noonday meal on the premises and especially so where the period allowed for lunch (as in this case, 30 minutes), is so short as almost in the nature of the case to contemplate that the workmen will not go home for that purpose. In the following cases, a definite time was allowed for lunch but the employees were permitted to eat it on the premises and compensation was allowed for an accident occurring during such period: Humphrey v. Industrial Commission, 120 N. E. 816 (Ill.); Riley v. Cudahy, 117 N. W. 765 (Neb.); Thomas v. Procter & Gamble Mfg. Co., 179 Pac. 372 (Kan.); Racine Rubber Co. v. Industrial Commission, 162 N. W. 664 (Wis.); Milwaukee Western Fuel Co. v. Industrial Commission, 150 N. W. 998 (Wis.); Clem v. Chalmers Motor Co., 144 N. W.

848 (Mich.); Haller v. City of Lansing, 162 N. W. 335 (Mich.); and it would appear as if a definite lunch period had been allowed in: In re Sundine, 105 N. E. 433 (Mass.); Pigeon v. Employers' Liability Assurance Corp., 102 N. E. 932 (Mass.); and Bylow v. St. Regis Paper Co., 166 N. Y. Supp. 874. A full discussion of the subject, leading to the conclusion that the relation of master and servant continues and the obligation of the master is not suspended during lunch time under such circumstances, is found in Bradbury's Workmen's Compensation, pp. 444-450, but in that connection what has already been said herein as to the difference in scope between our act and those of other states must be remembered.

We are of opinion that the principle quoted with approval in the Dzikowska case applies to a definite lunch hour where the employer makes provision for, or permits, his workmen to eat their lunch on the premises and the workman is not at the time of the injury doing something wholly foreign to his employment.

The case was well summed up by the learned chairman of the Workmen's Compensation Board as follows: "Had the claimant fallen over the same wall while actually performing some work for his employer, there would be no question raised as to his right to compensation. Advancing a step further, we must conclude with the referee that the claimant while eating his lunch upon the employer's premises, during the noon hour, was still in the course of his employment and the mere fact that he fell over the wall and suffered an injury while running away from two fellow workmen who were seeking to take from him his tobacco is a mere incident in the case, with no material bearing upon its proper determination. We still have before us, notwithstanding that incident, a workman suffering an unexpected happening while in the course of his employment and upon the employer's premises."

As we have said before, compensation under this act has nothing to do with the question of negligence or contributory negligence. It does not award compensation because the employer is at fault, nor withhold it from the workman because he himself is at fault, provided the injury is not intentionally self-inflicted. Its purpose is to relieve to some extent the employee who has been injured in the course of his employment from the economic consequences of his injury and make them a part of the cost of operation of the business, to be paid ultimately by the consuming public, and it should be so construed as to carry this purpose into effect.

The judgment is affirmed at the costs of the appellant.