## Britt v. Sadusky et al.

*Workmen's compensation—Injury—Chill—Pneumonia.*

1. Under the Workmen's Compensation Act of June 2, 1915, P. L. 736, in order to hold the employer liable, it is unnecessary to show that the injury arose out of the employment; it is sufficient if it occurred in the course of employment, except for injuries intentially inflicted or caused by an act of a third person, intended to injure the workman for reasons personal to him.

2. The term "violence," defined by the Workmen's Compensation Act, pertains solely to the effect on the body and not as to the manner in which that effect was produced.

3. A claim will be sustained where it appears that pneumonia resulted from a chill received by the claimant while lying on his back on a cold pavement under an automobile of his employer which he was repairing.

Appeal from decision of the Workmen's Compensation Board. C. P. Northumberland Co., Sept. T., 1925, No. 329.

*Roger J. Devers*, for plaintiff; *Samuel Y. Spyker*, for defendants.

STROUSS, P. J., Nov. 9, 1925.—This case is before us on an appeal from the decision of the Workmen's Compensation Board reversing the award of the referee. The board bases its action on its legal conclusion that the injury complained of is not compensable under our statutes. The referee, upon sufficient evidence, found as a fact that Michael Britt, employed by Andrew J. Sadusky, in making repairs to a certain automobile of his employer, in the course of his employment became chilled and frozen to such an extent that he had to be assisted to his home, where he was placed in bed. Pneumonia developed the following day as a result of the chilling and freezing received by the claimant the preceding day; that his present pulmonary tubercular condition followed as a consequence of the pneumonia, of which the chilling and freezing was the proximate cause. The testimony as to these facts being uncontradicted and sufficient to support the findings of the referee, we are confronted with the sole question as to whether or not the chilling and freezing sustained by the claimant in the course of his employment is such an injury as is contemplated by the Workmen's Compensation Act.

Under the Workmen's Compensation Law of 1915, in order to hold the employer liable, it is unnecessary to show that the injury arose out of the employment. It is sufficient if it occurred in the course of employment, except for injuries intentionally self-inflicted or caused by an act of a third person intended to injure the workman for reasons personal to him: Dizikowska *v.*

Britt *v.* Sadusky et al.

Superior Steel Co., 259 Pa. 578. The testimony clearly establishing the fact that the pneumonia resulted from chills received by the claimant while engaged in the course of his employment, the employer is liable unless the chills and freezing set up by the claimant as the basis of his claim are not injuries within the definition of the act.

The act of assembly defines compensable injury in the 301st section as follows: "The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally result therefrom." The same section further provides, after referring to the exclusion of injuries caused by the act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment, as follows: "But shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the *condition of the premises*, or by the operation of the employer's business or affairs thereon, etc."

The injury which is compensable is violence to the physical structure of the body, and the definition does not mean merely an injury to the physical structure of the body by violence. The term violence, as used in the definition, pertains solely to the effect on the body and not as to the manner in which that effect was produced. This definition, when applied to the facts as found by the referee, brings the claimant within the provisions of the act. Had the employee inhaled, while beneath this automobile that he was engaged in repairing, poisonous fumes from the exhaust of the car, resulting in his present condition, no one would seriously contend that the injury was not within the provisions of the act. In this latter instance there would be no violence to the physical structure by reason of contact with a solid substance or by violence. It would have been the action of the fumes on the physical structure of the body. So, in the instant case, by reason of the insufficient heating of the garage in which the claimant worked, cold was conducted into the body of the claimant as he lay beneath the machine, so stiffening, freezing and chilling the physical structure of his body that his kidneys were congested, resulting in pneumonia and his present condition.

The chilling and freezing in the instant case was an exposure to which all were not alike exposed because of the temperature upon that day, or, indeed, within this very garage, for another workman who was not working upon the floor of that garage, but who was moving about the garage, handing tools to the claimant, who was beneath the car upon the cement, suffered no ill effects from his exposure. The claimant was required, in order to repair the car in question, to lie upon his back upon the cement beneath the car.

In our opinion, the claimant is clearly within the provisions of the act. To hold otherwise would be to set aside the will of the legislature with respect to this class of injury. Had the legislature intended that this class of injury received in the course of employment should be excluded from the benefits of the act, it could have easily done so by providing that the term "injury" should be construed to mean violence to the physical structure of the body by violent means.

And now, to wit, Nov. 9, 1925, the action of the Workmen's Compensation Board is reversed and award of compensation made by the referee is reinstated, and, agreeable to section 427 of the said Act of 1919, the record is hereby remitted to the board for further hearing and determination.

From C. M. Clement, Sunbury, Pa.