## Beamer v. Stanley Company of America et al.

T. *Daniel,* for plaintiff; G. H. *Detweiler,* for defendants.

MARTIN, P. J., July 30, 1928.—William Roy Beamer was employed by the Stanley Company of America at its Ardmore Theatre as assistant manager. On the afternoon of Dec. 23, 1926, while in the theatre, decedent was handling and exhibiting to some persons an automatic pistol which had been brought to him by his father on the previous Sunday. During the time that he was handling the pistol he was warned to be careful, that it might be loaded, but he assured those to whom he was exhibiting the revolver that it was not loaded. Shortly after he made that statement, three clicks were heard by one of his fellow-employees, followed by a sudden flash, and the deceased fell to the floor with a bullet through his head that caused his death.

A claim for compensation was made on behalf of his widow and a child. The referee awarded compensation. On appeal, the Compensation Board reversed the finding of the referee and set aside the award.

A rehearing was granted, but the board sustained its former findings and denied compensation. Claimant has appealed to this court and assigned exceptions, alleging errors in the decision of the Workmen's Compensation Board reversing the award of the referee, and disallowing compensation; in its conclusions that decedent was not killed in the course of his employment; that decedent was not engaged in the business or affairs of his

employer, and was doing something foreign to his employment; that the defendant and the insurance carrier are not liable under the Compensation Act and its amendments for the death of decedent, and that the Workmen's Compensation Board erred in failing to affirm the award of the referee.

The claim is based on section 301 of the Compensation Act, which provides that "compensation shall in all cases be made by the employer for personal injury to, or for the death of, such employee by accident in the course of his employment, . . . without regard to his negligence, . . . except when injury or death is intentionally self-inflicted;" and that "the term injury by accident in the course of his employment, as used in this article, shall not include injury caused by an act of a third person, intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment, but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises, or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment."

It was held by Commissioner Fleitz in his opinion: "It will be noted that the foregoing clauses relating to 'injury by an accident in course of his employment' do not purport to define that phrase. They provide only that certain injuries shall not be included in the term and that certain others shall. They explain but do not limit the term, except as to provide what shall not be included thereby. Under the interpretation of this section, our appellate courts have repeatedly held that if the accident happens during the course of his employment, compensation will not be denied because the employee does something beside or apart from the thing which he was employed to do, provided such thing is not wholly foreign to his employment:' Dzikowska v. Superior Steel Co., 259 Pa. 578."

The evidence shows that the decedent had been in the employ of the company for a considerable time without having in his possession a revolver, and it was not known by his employer that he had a revolver on his person in the theatre, and there was no evidence that it was necessary for him to have the revolver to protect himself or the property of his employer while acting as assistant manager. There was no reason for the attempt to clean it when he procured oil from another employee, and no reason for an attempt to discharge the weapon at the time he shot himself, after having been warned that it might be loaded.

At the time of the accident he had ceased to attend to the business of his employer, and was working with the pistol for himself, for his own amusement in cleaning it, exhibiting to his friends and pulling the trigger before the shot was fired that killed him.

The case might have a different aspect if the deceased had been accidentally shot by a revolver on his person while attending to the business of his employer; but he took the revolver to the place where he worked without the knowledge of his employer, and for his own amusement and that of his fellow-employees played with it, attempted to discharge it, and fired the loaded chamber that killed him. To hold his employer liable under the Compensation Act would go beyond any of the provisions of the act or decisions of the courts.

Berlin *v.* Crawford, 86 Pa. Superior Ct. 283, was cited as an authority to support an award in this case. In that case death was caused by the accidental discharge of a revolver in the home of the decedent on the premises of his employer, where his employment required his presence during the entire twenty-four hours. There was no evidence of abandonment by him of the course of his employment or that he was engaged at the time in something foreign thereto.

In the present case the deceased had abandoned his employment for the purpose of cleaning his revolver and exhibiting it to his friends.

The case is within the rule of Shoffler *v.* Lehigh Valley Coal Co., 290 Pa. 480, 483, where Mr. Justice Kephart stated: "Under our Workmen's Compensation Act, the fact of employment is not the sole basis for compensation. It requires, also, that the injury shall have occurred in the course of employment. The expression 'in the course of employment,' as used in the law of master and servant, means while injured in the service of the master, and is not synonymous with 'during the period covered by his actual employment.' Under the Compensation Act, an injury in the course of employment embraces all injuries received while engaged in furthering the business of the employer, and injuries received on the premises, subject to these limitations: (1) The employee's presence must ordinarily be required at the place of injury; or (2) if not required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment, or be an act wholly foreign to his usual work; it must be really an innocent or inconsequential departure from the line or place of duty."

In this case the employee by his own act, in utter disregard of the rights of others and against the warning of his friends, broke the continuity of his employment and became a trespasser during the time that he was cleaning the revolver, playing with it, exhibiting it and trying it to determine whether or not it was loaded.

The evidence does not present a case in which the claimant is entitled to compensation.

And now, to wit, July 30, 1928, the exceptions to the decision of the Workmen's Compensation Board are overruled, the findings of the board are affirmed and the appeal is dismissed.