## Lehman v. State Workmen's Insurance Fund et al.

*Roger J. Dever*, for claimant; *Duy & Behney*, for defendants.

EVANS, P. J., July 31, 1933.—The claimant's petition was filed with the State Workmen's Compensation Board on October 10, 1931, and assigned to Referee Lewis for hearing on October 14, 1931. A hearing was had on November 5, 1931, and on November 27, 1931, the referee's order was filed disallowing the claim.

On December 16, 1931, the claimant appealed from the order of disallowance to the board and, after a hearing before the board on February 4, 1932, the record was remitted to Referee Eaches for further hearing and determination. On March 22, 1932, the referee's award to claimant in the amount of $2,018.35 was filed. On April 5, 1932, defendant appealed from the referee's award and conclusions of fact and law. Hearing was had before the board on June 23, 1932, and on January 6, 1933, an opinion by Commissioner Burchinal, concurred in by Chairman Dale and Commissioner Hunter, was filed, sustaining the appeal, setting aside the award, and disallowing the claim. On January 12, 1933, the claimant appealed from the decision of the board disallowing the claim to the court of common pleas of this county.

There is but a single question involved in this controversy: Was the claimant engaged in the course of his employment at the time of his accidental injury? Referee Eaches found that he was. On appeal, the board found from the evidence that he was not. . . .

There is no dispute about the material facts. At the time of the accident on June 16, 1931, and for more than a year prior thereto, the claimant had been employed as pastor of the Wilburton Methodist Episcopal Church in Wilburton, Pa. On June 2, 1931, he entered the Warne Hospital at Pottsville, Pa., and had a cataract removed from his left eye. He remained in the hospital for 9 days and then returned to his home at the parsonage in Wilburton. The doctor who had performed the operation instructed him to go home and rest his eye as much as possible, to aid in its recovery. On the afternoon of June 16, 1931, after he had finished dictating some church work to his stenographer and had retired to his bedroom for the purpose of following his doctor's advice to rest his eyes, and while lying there on his bed, his infant son, 3 years old, came into his bedroom, playfully climbed on the bed and accidentally struck with his hand the claimant's eye from which the cataract had been removed, thereby causing the injury complained of.

From these undisputed facts, can it fairly and reasonably be found that claimant was engaged in the course of his employment as pastor of the Wilburton Church at the time the accident happened? We think not. He had finished dictating his church work and had retired to his bedroom to rest his eyes when the deplorable accident happened. He testified at pages 8 and 9 of the record as follows:

"Q. The very day you received this blow on the eye by your boy, did you do church work that day? A. Yes, with my daughter. She did my stenographic work that day; I dictated to her. Q. And after finishing dictating these letters you went then to carry out your doctor's advice, took a rest to rest your eye? A. Yes. Q. And while resting on the bed your boy came in and hit you? A. Yes. Q. What time of day? A. Between half past one and two o'clock."

The board affirmed the referee's first, second, third, fourth, sixth and seventh findings of fact but set aside his fifth finding of fact and substituted in lieu thereof the following fifth finding of fact:

"5. We find that, the claimant having abandoned his work for the day, having completed all the work he was going to do that day, and having gone to his private bedroom to rest under his doctor's orders, we cannot find anything that would show the claimant to be furthering the business or affairs of his employers, and from the evidence adduced we find that the claimant was not in the course of his employment."

The board likewise affirmed the referee's first conclusion of law but set aside his second conclusion of law and substituted in lieu thereof the following conclusion of law:

"2. We conclude as a matter of law from the findings of fact that the claimant was not engaged in the course of his employment at the time of his accidental injury and is thereby not entitled to compensation."

In order to hold an employer liable under the Workmen's Compensation Law of June 2, 1915, P. L. 736, it is not necessary to show that the injury arose out of the employment, but it is sufficient if the injury occurred in the course of the employment: Dzikowska v. Superior Steel Co. et al., 259 Pa. 578.

In the instant case, the record discloses that the claimant had finished his work for the day and had gone to his bedroom to carry out his doctor's advice and rest his eye, when his 3-year-old boy entered his bedroom, playfully climbed on his bed, and accidentally struck his eye from which the cataract had been removed, thereby causing the injury complained of. The fact that claimant was not engaged in the course of his church work, his employment, at the time of the accidental injury defeats his right to compensation.

And now, July 31, 1933, the assignments of error are overruled, the appeal is dismissed and the decision of the Workmen's Compensation Board is affirmed.

From R. S. Hemingway, Bloomsburg, Pa.