Carland, Appellant, *v.* Vance et al.

48

Argued October 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Robert C. Haberstroh,* with him *John J. Haberstroh,* for appellant.

*George G. Patterson,* for appellee.

OPINION BY BALDRIGE, J., December 13, 1939:

This appeal is from the decree of the court of common pleas sustaining exceptions to the allowance of an award by the board in a workmen's compensation case.

The question for determination is whether the claimant in the course of his employment sustained an accidental injury within section 301 of the Workmen's Compensation Act approved June 2, 1915, P. L. 736 (77 PS §411).

The claimant, 18 years of age, was employed by the defendants as a gasoline station attendant. During the evening of December 31, 1936, while filling a tank for a customer he spilled a quantity of gasoline on his trouser leg. After completing this service he went into the station office and about an hour and a half later, when his trousers were saturated and still wet with gasoline, one of several boys who had congregated there gave claimant a match and suggested that he light it to see if the gasoline on his trousers would ignite and burn. He accepted the challenge, struck the match, applied it to his trousers which caught fire, and serious injury ensued to him as the result of his unfortunate and wilful act.

The claimant testified as follows:

"Q. Did you talk about it before he gave you the match? A. No, I just told him I had gasoline on my pants and was going to change my pants, and he said 'see if it will burn.'

"Q. What did you say? You knew it would burn? A. Sure.

"Q. And yet you struck the match? A. That's right.

"Q. Well, didn't you know that gasoline saturated trousers would blow up and burn? A. I know it, sure.

"Q. Yet you struck the match anyhow? A. Yes.

\* \* \* \* \* \* \*

"Q. You knew it wasn't the right thing to do? A. Right.

"Q. And yet you struck the match? A. Yes."

It thus clearly appears that this case lacks the essential elements of an accident. In *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724, the Supreme Court very clearly pointed out that the distinguishing

feature of an accident from other events is the element of being unforeseen, something that is not expected or intended, a result from an unknown cause, or an unusual effect of a known cause.

The claimant's own testimony conclusively shows that the result which followed his foolish act was expected. The inevitable and anticipated consequence of applying a match to material made inflammable by gasoline occurred.

*Dzikowska v. Superior Steel Co. et al.,* 259 Pa. 578, 103 A. 351, relied upon by the Workmen's Compensation Board, is readily distinguished from the instant case. During a rest period the claimant there thoughtlessly struck a match on his trousers to light a cigarette without the expectation or knowledge that his burlap apron, saturated with oil, would catch fire. It was not a voluntary act, testing a known danger, as here.

The claimant's injury, in a certain sense, may not have been intentionally self-inflicted, as, for instance, in *Carson v. Pittsburgh Coal Co.,* 132 Pa. Superior Ct. 66, 200 A. 299, where the claimant deliberately tied a rope around his leg and beat his knee with a hammer to deceive the doctor before reporting for an examination. Our compensation statutes, however, were never intended to protect an employee injured by a deliberate act, in defiance of well known physical laws, wholly foreign to his duties. In the circumstances before us, it cannot be said that the claimant successfully sustained the burden of establishing that his injuries were the result of an accident which occurred in the course of his employment.

Judgment of the learned court below is affirmed.