Delbene, Appellant, *v.* Pine.

Argued March 4, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*Henry Greenwald,* with him *Irving Lottman,* for appellant.

*Neil Chrisman,* with him *Frank Townend,* for appellee.

OPINION BY STADTFELD, J., April 18, 1941:

Armando Delbene, the claimant in this workmen's compensation case, was hired as a chef by the defendant, E. V. Pine, who operated a restaurant concession at the Irem Country Club in Luzerne County. The terms of the oral contract of employment provided that the claimant was to receive $140 per month in addition to room and board. Arrangements were made, convenient for the employer's business, that claimant reside at the clubhouse. Claimant's hours of employment were irregular and indefinite, depending upon the volume and character of the business, but he was allowed to take one day per week from the performance of his duties. On June 21, 1937, claimant, having a day off, left the premises at approximately eleven o'clock in the morning. At about a quarter of eleven in the evening of the same day, claimant returned to the clubhouse for the purpose of retiring for the night. His duties required that he be on the premises at 6:30 a. m. of the following morning.

It was the custom of the defendant's employees to enter the building at night by a kitchen door or by another door leading into the grill room of the clubhouse, but if these doors were locked, then they would gain entrance by climbing through the kitchen window that was about five feet from the ground level. Defendant did not furnish or allow his employees to have night

keys. When, on the night of the accident, claimant returned to the clubhouse, he found both the kitchen door and the grill door locked. He thereupon called to his fellow-employees to come down from their sleeping quarters to open the door for him. Receiving no response, and deciding that entry through the kitchen was too dangerous because of the darkness, he returned to the grill door. The lower portion of this door, running about three or four feet from the bottom, was constructed of wood; the upper part was comprised of a glass window. In order to reach and release the latch on the inside of this door to gain admission to the building, claimant raised his right foot, kicked and broke a section of the glass panel. In the act of breaking the glass, his foot was caught in the panel, and the broken glass completely severed the Achilles tendon of his right leg. For the resultant disability claimant seeks compensation.

The referee denied the claim for compensation, but the board reversed the referee and made an award in claimant's favor. The court of common pleas set aside the award and entered judgment for the defendant from which this appeal was taken. The issue before the compensation authorities and the court below was, as in this appeal, primarily one involving a question of law.

The appellee contends that the injuries sustained by the appellant were not caused by "an accident in the course of his employment" within the meaning of the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, §301, as amended, because, it is argued, the injuries sustained were the natural and probable consequences of claimant's own wilful and wanton misconduct.

Section 301 of the Workmen's Compensation Act, June 2, 1915, P. L. 736, provides that when employer and employee shall by agreement, either express or implied, accept the elective compensation provisions of the act, "compensation for personal injury to, or for

the death of such employe, by an accident, in the course of his employment, shall be made in all cases by the employer, without regard to negligence, ...... provided that no compensation shall be made when the injury or death be intentionally self inflicted, ......" In the same section of the act, it is further provided: "The term, 'injury by an accident in the course of his employment' ...... shall include ...... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature or his employment."

In construing this act, the appellate courts of this Commonwealth, have consistently held that neither negligence,[1] gross negligence,[2] nor wilful misconduct,[3] will bar the right to compensation for an injury to, or for the death of an employee, by an accident in the course of his employment.

In *Dzikowska v. Superior Steel Co. et al.*, 259 Pa. 578,

---

[1] *Dzikowska v. Superior Steel Co. et al.*, 259 Pa. 578, 103 A. 351; *Siglin v. Armour & Co.*, 261 Pa. 30, 103 A. 991; *Gurski v. Susquehanna Coal Co.*, 262 Pa. 1, 104 A. 801; *Barkanich v. Jeddo-Highland Coal Co.*, 105 Pa. Superior Ct. 145, 160 A. 137; *Menendes v. Dravo Construction Co.*, 109 Pa. Superior Ct. 224, 167 A. 423.

[2] *Menendes v. Dravo Construction Co.*, (supra).

[3] *Blouss v. D. L. & W. R. R. Co.*, 73 Pa. Superior Ct. 95; *Barkanich v. Jeddo-Highland Coal Co.*, supra; See, also, *Waite v. Pgh. Limestone Co.*, 78 Pa. Superior Ct. 7; *Oldinsky v. Phila. & Reading Coal & Iron Co.*, 92 Pa. Superior Ct. 328; *Jenkins v. Glen Alden Coal Co.*, 126 Pa. Superior Ct. 326, 191 A. 227.

103 A. 351, the Supreme Court held that the deceased employee was negligent in striking a match on his oil soaked clothes which caught fire and resulted in a fatal burn, but affirmed an award of compensation to his widow and minor children. In commenting upon that case, this court (in *Carland v. Vance et al.*, 138 Pa. Superior Ct. 47, 50, 10 A. 2d 114) stated that the act of the deceased there "was not a voluntary act, testing a known danger" but was done "without the expectation or knowledge that his burlap apron, saturated with oil, would catch fire." So, in the instant case, the claimant, in kicking the glass panel with the shoe of his right foot, did not expect to have his foot caught and injured; nor can it be said in so doing, that he intended to inflict an injury upon himself.

Appellee contends that appellant was not engaged in the course of his employment at the time the injury was sustained. The facts of the case clearly indicate that appellant was reporting back to the employer's premises for the night, as his arrangement with his employer provided, so that he might be on hand early the next morning to perform the required duties. The fact that he was not actually engaged in the performance of his duties is immaterial. His attempt at gaining entrance to the premises where he resided and worked was directly connected with the requirement of his employment and did not place him in the position of a stranger or trespasser.

The principle has frequently been stated that injuries resulting from acts which are negligent or constitute wilful misconduct, or are in direct hostility to or in defiance of positive orders of the employer, are compensable if the employee's duties include the doing of the act that caused the injury, or where so connected with the act that as to it he was not in the position of a stranger or trespasser: *Dickey v. Pittsburgh & Lake Erie R. R. Co.*, 297 Pa. 172, 146 A. 543; *Franks v. Point*

*Marion Bridge Co.*, 128 Pa. Superior Ct. 269, 279, 280, 193 A. 421.

Appellee not only failed to provide a reasonable safe way of entering the premises after the kitchen was closed, and refused to furnish his employees with keys, but even sanctioned the customary method of climbing through the window. It must fairly be concluded that because appellant had to sleep on the premises prior to his early morning work, the risk of gaining access to his quarters on the preceding night was not outside the course of his employment. Furthermore, there is no evidence in the record or any finding by the compensation authorities that appellant, in breaking the glass panel and thereby sustaining his injury, was motivated by the desire to, or maliciously intended to harm his employer by injuring his property. There is, therefore, no basis to support appellee's contention that appellant had removed himself from the course of his employment by reason of being engaged in the commission of a criminal act.

The assignments of error are sustained, the judgment of the court below is reversed, and it is ordered that judgment be entered on the award made by the Workmen's Compensation Board.