WAUSAU LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 5—October 23, 1917.*

*Workmen's compensation: Findings by industrial commission, when conclusive: Injury to employee of subcontractor: Liability of chief employer: Invalidity of subcontract.*

1. Findings made by the industrial commission under the Workmen's Compensation Law must be regarded as conclusive if the evidence, in any reasonable view of it, supports them directly or indirectly or by fair inference.

2. A finding by the industrial commission in this case that one D., when injured, was in the employ of a subcontractor of a principal contractor of the plaintiff, is *held* to have been warranted by the evidence; and an award to D.'s widow was properly made under sec. 2394—6, Stats.

3. The fact that a subcontract was made on Sunday and was therefore void does not relieve the employer of the principal contractor from liability under sec. 2394—6, Stats., for injuries to an employee of the subcontractor, where the work was done on secular days with the knowledge of said employer, who consented thereto and received the benefit thereof—there being in such case a valid implied contract as to the work.

4. If a subcontractor employs a person in respect to the work which is the subject of the contract, the rights of such employee under the Workmen's Compensation Law are not affected by the invalidity of the subcontract.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside a decision of the *Industrial Commission* awarding compensation from appellant on account of the death of Walter Durkee.

The *Commission* found as facts: January 27, 1915, Walter Durkee, husband of *Emma Durkee,* was an employee of Ernest Hart in the performance of work which said Hart was engaged in as a subcontractor under Charles Giese who was a contractor for such work under the *Wausau Lumber Company.* Neither Hart nor Giese were employees within

the meaning of the Workmen's Compensation Law. Neither of them had insured against claims for injuries to their employees. The *Wausau Lumber Company* had duly elected to become subject to the Workmen's Compensation Law, secs. 2394—3 to 2394—31, inclusive, and was carrying insurance according to the provisions of such sections. On said January 27, 1915, said Durkee sustained personal injuries resulting in his immediate death. His injuries were not intentionally self-inflicted and were proximately caused by accident, in the course of his said employment. All further facts were found essential to warrant the award of compensation complained of.

The trial court decided that the finding made by the *Commission,* that Durkee was, when injured, in the employ of Hart who was a subcontractor of Giese, a principal contractor of the *Wausau Lumber Company,* was sustained by the evidence, and therefore affirmed the award.

For the appellant there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

MARSHALL, J.   A careful examination of the record and the analysis thereof by counsel for appellant lead to the conclusion that the findings of the *Commission* cannot be disturbed as against the evidence. Such findings cover, in favor of respondents, all the essentials to a recovery of compensation under sec. 2394—6, Stats., in connection with other material provisions of the Workmen's Compensation Law, as the court below decided. No reason is therefore perceived why there is any infirmity in the judgment complained of.

All of the objections to the judgment urged by counsel for appellant have been considered; but it does not seem advisable to discuss them at length. The main question below

was, and is here, whether the evidence warranted the findings upon which the judgment rests, particularly whether Durkee was an employee of a subcontractor. There is substantial evidence in support of the findings so they must prevail. The rule in that regard is well settled to the effect that, if in any reasonable view of the evidence it will support, either directly or indirectly, or by fair inference, the findings made by the *Commission,* then they must be regarded as conclusive. *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; *Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245; *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247.

Much of the argument of counsel for appellant is grounded on the fact, which appears from the evidence, that Durkee's employer, Hart, made his contract with the principal contractor, Giese, on Sunday, and was, therefore, void and not within the scope of sec. 2394—6, Stats., relating to liability of an employer for injuries to employees of a subcontractor. There seem to be, at least, two conclusive answers to that:

First, all of the work was performed on secular days with the knowledge of appellant. It consented thereto and received the full benefit thereof. Under those circumstances it must be presumed that there was an implied contract made to do the work which was not tainted with such fatal infirmity by the Sunday transaction as to prevent Giese from recovery of appellant of compensation for such work. *King v. Graef,* 136 Wis. 548, 117 N. W. 1058. As said in effect, in that case, it was perfectly lawful for Giese to perform the work on the secular days with appellant's knowledge and implied request and to charge and receive pay therefor, which would comprehend all the essentials of a complete contract upon which there was a legal liability. *Taylor v. Young,* 61 Wis. 314, 21 N. W. 408, and *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787, are to the same effect.

Second, even if the work was done under a void contract, we are of the opinion that Durkee was an employee of a sub-

contractor within the meaning of the statute just the same. As has often been held, the statute must be given a broad, liberal meaning to the end that the beneficent purpose of it may be fully carried out. It is the opinion of the court that if a person, who is a subcontractor, employs another in respect to the work which is the subject of the contract, the rights of the employee under the Workmen's Compensation Law are not affected by an invalidity of the subcontract. The statute expressly makes the principal liable, in specified circumstances, for injuries to employees of a subcontractor. The rights of an employee or his dependents cannot be defeated by interpolating, by implication, into the statute, words limiting it to valid contracts, without going contrary to the manifest purpose of the legislature to burden the products of servant labor with the personal injury incident thereof.

*By the Court.*—The judgment is affirmed.

ROSENBERRY, J., took no part.