## Siglin et al. v. Armour & Company, Appellant.

*Workmen's compensation—Injury in course of employment— Motor truck—Driver's helper—Voluntary giving up of seat—Fall from running board—Award.*

Where the helper of a driver of a motor truck voluntarily gave up his seat to girls on the way home from work and stood on the running board, and the truck then resumed its journey and struck an obstruction in the road, causing him to fall and sustain fatal injuries, he was injured while engaged in the course of his employment and his widow and children were properly awarded compensation.

Argued Feb. 26, 1918. Appeal, No. 12, Jan. T., 1918, by defendant, from judgment of C. P. Lackawanna Co., June T., 1917, No. 265, dismissing appeal from Workmen's Compensation Board in case of Louise Siglin, Gertrude Siglin, John Siglin, Francis Siglin and Elizabeth Siglin v. Armour & Company. Before BROWN, C. J.,

POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Appeal from award of compensation by Workmen's Compensation Board.

The facts appear from the following opinion by NEWCOMB, J.:

The referee awarded compensation to the widow and children of one Harry Siglin, who came to his death by accident while in defendant's employ. The award was affirmed by the Board of Compensation and from that decision defendant takes this appeal. Deceased was fatally hurt by a fall from his employer's motor truck, on its return from an out-of-town delivery of goods, in charge of a driver to whom deceased was a helper. He was standing on the running board, or at least with one foot on the board, and was thrown off by a jolt occasioned by an obstruction in the road. The driver and two girls on the seat were not disturbed by the jolt. Deceased had voluntarily given up his seat and taken to the running board, in order to give the girls a ride when they were overtaken on the road. That circumstance gives rise to the question raised by appellant, viz: whether deceased was at that particular time in the course of his employment, to which some color is lent by the fact that of his own volition he had stopped the car, given up what proved to be a place of safety and taken one obviously of less safety, not in furtherance of the master's business but to help the girls on the way home from their work.

Appellant takes the negative and its contention is supported by a very able argument; but the impression remains that it only convicts deceased of contributory negligence which can avail nothing in cases of this kind. Had he suffered an injury while on the ground for the purpose of taking on the passengers, a different question would be presented. But having resumed his appointed journey, he was no doubt in course of his employment

Opinion of Court below—Opinion of the Court. [261 Pa.

thereafter, no matter in what part of the truck he placed himself.    The finding of the referee having been affirmed by the board, the burden must be deemed to be on the appellant to clearly establish the alleged error, and of that we are not convinced.

The lower court dismissed the appeal from the Workmen's Compensation Board.    Defendant appealed.

*Error assigned,* among others, was in dismissing the appeal from the Workmen's Compensation Board.

*W. L. Hill,* of *Knapp, O'Malley, Hill & Harris,* for appellant.

*Harold A. Scragg,* for appellee.

PER CURIAM, March 18, 1918:
When the husband and father of the appellees was jolted from the truck of the appellant, he was in the course of his employment with it.    How he happened to be sitting where he was at the time he was jolted from the truck is utterly immaterial, and the judgment is affirmed on the opinion of the learned court below sustaining the action of the referee and the compensation board.