## Blouss, Appellant, *v.* Delaware, Lackawanna & Western R. R. Co.

*Workmen's compensation—Injury in course of employment—Referee's finding of fact—Act of June 2, 1915, P. L. 736.*

Under the Workmen's Compensation. Law of 1915 contributory negligence on the part of the workman is not a defense. The employer is liable for accidents in the course of employment, except for injuries "intentionally self-inflicted," or caused by an act of a third person intended to injure the workman for reasons personal to him.

Where a miner was injured while riding on a mine motor for the purpose of getting his dinner pail from another part of the mine, he was injured in the course of his employment and was entitled to compensation.

Going after his dinner pail at the noon hour preparatory to eating his noonday meal is in the course of employment and the fact that the claimant chose to ride instead of walk would not deprive him of compensation, if he was injured on the way.

Argued March 4, 1919.   Appeal, No. 28, March T., 1919, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1918, No. 736, sustaining order of the Workmen's Compensation Board in the case of John Blouss v. Delaware, Lackawanna & Western Railroad Company.   Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Appeal from Workmen's Compensation Board.   Before NEWCOMB, J.

The facts appear by the opinion of the Superior Court.

The court affirmed the decision of the Workmen's Compensation Board.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Rush B. Trescott,* and with him *Roger J. Dever,* for appellant, cited: McCauley v. The Imperial Woolen Co., 261 Pa. 312; Durkin v. Coal Company, 171 Pa. 193; Commonwealth v. Curry, 4 Pa. Superior Ct. 356; Mary Dzikowska v. The Superior Steel Co., 259 Pa. 578; 4 Department Reports, 228; Gurski v. Susquehanna Coal Company, 262 Pa. 1.

*W. L. Hill,* of *Knapp, O'Malley, Hill & Harris,* and with him *Elmer D. Adair* and *D. R. Reese,* for appellee.

OPINION BY KELLER, J., October 13, 1919:

The referee found that the appellant was in the employ of the defendant company and furthering its business on May 4, 1917, when he sustained the injury by accident, resulting in total disability, for which the claim in suit was made. The defendant appealed to the Workmen's Compensation Board, which, without a hearing de novo, reversed the action of the referee, found that the claimant was not engaged in the furtherance of the business of the employer at the time the injuries were sustained and dismissed the claim. On appeal to the court of common pleas, this action of the Workmen's Compensation Board was sustained, and judgment entered for the defendant.

The Workmen's Compensation Board was in error in considering the finding of the referee that the claimant was actually engaged in the furtherance of the business of the employer to be one of law, which it might reverse without a hearing de novo. It was a question of fact: Gallagher v. Walton Mfg. Co., 264 Pa. 29; or at most a mixed question of fact and law: Flucker v. Steel Co., 263 Pa. 113. But conceding even that the adjudication of the referee presented a question of law reviewable on appeal, the decision of the board was in our opinion erroneous.

While the facts were not reported as fully as they might have been by the referee, it was admitted that the accident occurred in the defendant's mine where the claimant was employed as a door tender and that at the time he was hurt he was going to get his dinner pail in another part of the mine. The referee found that "the injury was sustained while the claimant was riding upon the defendant's [motor] engine and going for his dinner pail in a hurry in order to attend to his duties which called for his early attention, and was caught by a passing car and thrown to the ground." The board filed the following opinion: "Under the admitted facts and as found by the referee, the claimant at the time of his injury was not in the course of his employment. The proximate cause of his injury was the fact that he was riding one of the cars of the defendant to a place where his dinner pail had been left. There was no necessity for him to have been riding. It was a matter of his own choice. He was serving his own pleasure and convenience and not furthering the business of his employer."

We cannot agree with this conclusion. In Dzikowska v. Steel Co., 259 Pa. 578, the Supreme Court adopted the following statement of the principles of law involved: "It cannot be said that the employment is broken by mere intervals of leisure such as those taken for a meal. If an accident happened at such a time, there would be no break in the employment, even though the workman is paid by the hour for the time he is actually at work, especially where the accident occurs on the employer's premises, or about his property, unless the workman is doing something that is wholly foreign to his employment. Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the workmen's compensation acts, though they are only indirectly conducive to the purpose of the em-

ployment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure drink, refreshments, food, or fresh air, or to rest in the shade."

Certainly a man going after his dinner pail at the noon hour preparatory to eating his dinner, is as much in the course of his employment as a man going to his home at the completion of an errand: Haddock v. Steel Co., 263 Pa. 120; Messer v. Mfrs. L. & H. Co., 263 Pa. 5; or one going after tools to a part of the mine he had been forbidden to enter: Gurski v. Coal Co., 262 Pa. 1. The fact that he chose for his own convenience to ride, instead of walk, in going after his dinner would not deprive him of compensation if he was injured on the way. The claimant in Dzikowska v. Steel Co., supra, struck a match on his oil soaked trousers in order to smoke for his own pleasure, and the injured employee in Siglin v. Armour, 261 Pa. 30, voluntarily gave up his seat on a truck to two girls and stood on the running board from which he was jolted off, for his own, or his friends', pleasure or at least out of no consideration for his employer's business. It matters not that the appellant was negligent; so was Siglin when he stood on the running board of the truck; and Dzikowska when he struck a match on his oil-soaked clothes; and Gurski when he went into a part of the mine fenced off and marked dangerous. Negligence on the part of the claimant does not bar his right to compensation under the Workmen's Compensation Act of June 2, 1915, P. L. 736; Gurski v. Coal Co., 262 Pa. 1, p. 3. As was said by Mr. Justice POTTER, in the Dzikowska case, supra, in conformity with the express provisions of Section 301 of the Workmen's Compensation Act of 1915: "Dzikowska was, of course, negligent in striking the match upon his oil-soaked clothes. But under the Workmen's Compensation Act of 1915, contributory negligence on the part of the workman is not a defense. The employer

is liable for accidents in the course of employment, except for injuries 'intentionally self-inflicted,' or caused by an act of a third person intended to injure the workman for reasons personal to him," p. 583. There is no pretense that this case comes within either of the exceptions just mentioned.

There was nothing in the report of the referee or of the board,—which was all that was before the court—to show that the appellant had been forbidden to ride on the motor or cars; so that the question whether he lost his right to compensation by reason of the accident having occurred while he was doing an act which he had been expressly forbidden to do, does not here arise. It must be remembered, however, that in this State, the act contains no provision for a forfeiture of compensation by reason of the employee's "wilful misconduct," as is the case in other states. See also Gurski v. Coal Co., supra, where the employee's dependents were allowed to recover although he was killed while in a part of the mine which he had been forbidden to enter.

The assignments of error are sustained; the judgment of the court below is reversed; the decision of the Workmen's Compensation Board is set aside and the award of the referee is affirmed.