# Borough of New Cumberland et al., Appellants, *v.* The Public Service Commission.

*Public Service Commission—Water companies—Rates—Notice of intention to collect—Complaints—Burden of proof.*

An ordinance fixing a maximum rate to be charged by a public utility is enacted subject to the power of the state to regulate the rate.

A water company having filed its schedule of rates failed to collect them from a certain section of its territory. Three years afterwards, on notice that it would collect the uniform rate throughout all of the territory which it supplied, a complaint was filed alleging that the charges were unjust and unreasonable. On hearing before the Public Service Commission.

*Held*, that the burden of proof was upon complainants and that the evidence produced at the trial of the case was sufficient to warrant the findings of the commission.

Argued March 17, 1921. Appeal, No. 12, March T., 1921, by complainants, from order and determination of the Public Service Commission, complaint docket No. 3163, 1919, in the case of Borough of New Cumberland and J. R. Eichinger v. Riverton Consolidated Water Company and the Public Service Commission of the Commonwealth of Pennsylvania on appeal. Before OR-

LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and
LINN, JJ. Affirmed.

Complaint that rates charged by Riverton Consolidated Water Company were unjust and unreasonable.

The facts are stated in the opinion of the Superior Court.

The commission dismissed the complaint. Complainants appealed.

*Error assigned,* among others, was the order of the commission.

*John R. Geyer,* and with him *John E. Fox* and *Jacob H. Reiff,* for appellants.

*Spencer Gilbert Nauman* and *Charles H. Bergner,* for intervening appellees.

OPINION BY LINN, J., April 18, 1921:

This complaint was brought about by unusual conditions. The commission dismissed it and the borough of New Cumberland has appealed. It appeared that in 1896 one Horner received rights from the borough to put water pipes and other equipment in the borough streets and for the privilege agreed to supply water in the borough at a specified maximum rate. He assigned his contract to the Mountain Water Company which accepted it and for some time performed. That company consolidated with others into the Riverton Consolidated Water Company which supplies the borough of New Cumberland and other adjacent municipalities. It has several sources of supply—some of its water coming from mountain springs is collected into and distributed by gravity from reservoirs, and some obtained from Yellow Breeches Creek is filtered and pumped into the distribution system. In 1916 the intervening appellee, the Riverton Consolidated Water Company, against

whom the complaint was made, filed a schedule of rates with the commission making increases in its rates theretofore charged and exceeding the contract rate enjoyed in New Cumberland. In this tariff no exception was made in the rates chargeable in New Cumberland—the same rates applying there as in the adjoining municipalities for the same service. In practice, however, a difference was made; the tariff rates were not collected in that borough, because, it is said, the water company considered itself bound by the Horner contract to collect only the contract and not the tariff rate. Accordingly the contract rates were collected until January 1, 1920.

The complaint after pleading the contract as fixing the maximum rate collectible, set forth that in November, 1919, the water company gave notice to the residents of New Cumberland that after January 1, 1920, the company would begin to collect the tariff rates (as filed in 1916) instead of the contract rates until then collected in disregard of the tariff. It was not a notice pursuant to article II, section 1, paragraph f of the statute, P. L. 1379. This complaint followed within thirty days of that notice. The position of the water company was that it had theretofore departed from its tariff rates in New Cumberland to comply with the Horner contract, but since it had then recently been decided in familiar cases that departure from tariff rates was not justifiable by compliance with a contract providing for service at a lower rate, it was its duty to collect the tariff rate. When the case was called for hearing by the commission a dispute arose as to who had the burden of proof, the borough contending that as its complaint was filed within thirty days prior to the date fixed in the notice for charging what it called the increased rate, the burden of showing that the increased rate was just and reasonable lay upon the water company (article V, section 4, P. L. 1404) and the latter urging that as the tariff had been in effect for three years on its entire system and had

merely not been enforced in New Cumberland, complainant had the burden.  After consideration the parties were instructed by the commission that "the burden of proof, in so far as it is alleged that the conditions under which the respondent is rendering its service in the borough of New Cumberland differ from the conditions existing in other communities supplied by it to the extent that a different rate should be applied to the borough of New Cumberland by reason thereof, rests upon the complainant and after such conditions have been shown the respondent will be required to assume the burden of maintaining its present rates in the complaining borough."

Subsequently at the hearing complainant called a number of witnesses; the water company rested without calling any.  The commission considered the case and dismissed the complaint.

The statement of questions involved now presents two considerations: (1) as to the burden of proof, and (2) as stated by appellant, "Can the company relieve itself from its contract without affirmative proof that it cannot continue to perform at the contract rate?"  As the tariff rates on file were applicable to the entire district served by the water company and had been in force nearly three years when the complaint was filed, they were the lawful rates; any one alleging they were unreasonable in some part of that district, New Cumberland for example, must show that fact, and of course it might appear by evidence that the service was there rendered in conditions different from those prevailing in the adjoining boroughs and in circumstances justifying a lower rate.  We understand that the ruling of the commission on the burden of proof meant no more than that.  As complainant offered evidence to show such difference but in the judgment of the commission failed to establish it, the complaint was dismissed.  We are not persuaded that the commission erred.  Instead of considering the second question in the form stated by the learned counsel

for appellant, it will be sufficient to refer to several of the many recent cases holding that in the circumstances shown here the contract rate must give way to the tariff rate: Leiper v. R. R. Co., 262 Pa. 328; Wilkinsburg v. Public Service Commission, 72 Pa. Superior Ct. 423; Scranton v. Public Service Commission, 268 Pa. 192; Vernon Twp. v. Public Service Commission, 75 Pa. Superior Ct. 54.

The appeal is dismissed, the costs of this appeal to be paid by appellant.