# Waite *v.* Pittsburgh Limestone Company, Appellant.

*Workmen's Compensation Law—Injuries during noonday meal period—Injuries received while at a place not required to be—Wilful misconduct.*

A cart driver who was hurt by falling through an unprotected opening in the haymow of his employer's stable where, because of the cold, he had gone to eat his noonday meal, during the time allowed for that purpose, is entitled to compensation under the Workmen's Compensation Act of 1915.

A general prohibition against the employees going into the haymow to eat does not forfeit the right to compensation of one who went there for that purpose without objection from the stable boss on the day he was hurt, in the absence of any evidence that he ever had notice of such restriction.

There is no provision in the Pennsylvania law for a forfeiture of compensation by reason of the employee's wilful misconduct.

Argued October 24, 1921. Appeal, No 100, Oct. T., 1921, by defendant, from judgment of C. P. Blair County, Oct. T., 1920, No. 118, affirming award of Workmen's Compensation Board in the case of Ernest P. Waite v. George Bryan and Pittsburgh Limestone Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from the Workmen's Compensation Board. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal and entered judgment affirming the award of the Workmen's Compensation Board. Defendant appealed.

*Errors assigned* were the decree of the court and sustaining the findings and award of the Workmen's Compensation Board.

*J. D. Hicks,* and with him *Thos. H. Greevy,* for appellant.—The injury in this case was received during a period of suspension of employment and there is therefore no liability for compensation: Dzikowska v. Superior Steel Co., 259 Pa. 581; Gurski v. Susquehanna Coal Co., 262 Pa. 1; Blouss v. D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., November 21, 1921:

The plaintiff, who was a driver for the defendant company, was hurt by falling through an unprotected opening in the haymow of defendant's stable where, because of the cold he had gone to eat his noonday meal during the twenty-five minute period allowed for that purpose.

The referee found that the plaintiff was injured while in the course of his employment with the defendant, and at the time of his injury was on premises of the defendant used and occupied by it in carrying on its business and upon which the plaintiff was required to be by the nature of his employment, and that the injury to the plaintiff was due to the condition of the premises; and these findings were sustained by the Workmen's Compensation Board and the court below.

We have, in accordance with the rule laid down in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, carefully considered the evidence in the case with a view to ascertain whether there is evidence to support the findings of the referee as approved by the board and if, upon such findings, the law has been properly applied, and are of the opinion that the evidence supports the findings and justifies the award in plaintiff's favor.

It was a part of plaintiff's duty at the noon period to unhitch the horse and put him in defendant's stable, and later to take him out and hitch him to the cart. Hence his duties required him to go into the stable and the "No admittance" sign on the door did not apply to him. His dinner pail was in the stable and no objection had been made by the defendant to his custom of eating his dinner there. The stable boss saw him going upstairs to the mow to eat his dinner and did not forbid his doing so. The foreman admitted that the drivers were allowed to eat in the barn, but said he had issued orders not to eat in the mow because of the danger from smoking cigarettes, but he admitted that such orders were not put in writing and posted and that he had not personally given them to plaintiff. There was no evidence that the plaintiff had knowingly violated any orders of the defendant in this respect, though, as pointed out in Blouss v. D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95, there is in our law no provision, such as there is in many states, for a forfeiture of compensation by reason of the employee's "wil-

ful misconduct." We are all of opinion that under the decisions of this court in Blouss v. D., L. & W. R. R. Co., supra; Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, and Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335, the evidence supported a finding that the plaintiff was injured on the premises of the defendant, and by reason of the condition thereof, while in the course of his employment, and while engaged in the furtherance of his employer's business and was entitled to the compensation awarded him.

The plaintiff was not at the time of the injury doing something wholly foreign to his employment. He was on the premises of his employer,—which he was required to be on by reason of his employment—and was about to eat his lunch during the period allotted for that purpose, and that in doing so he went to a particular part of the premises where it was not necessary for him to go in connection with his duties as a driver did not deprive him of the compensation coming to him under the law by reason of his injury: Granville v. Scranton Coal Co., supra.

The assignments of error are overruled and the judgment of the court below is affirmed at the costs of the appellant.