# Oldinsky *v.* The Philadelphia and Reading Coal and Iron Company, Appellant.

*Workmen's compensation—Course of employment.*

In a claim for compensation under the Workmen's Compensation Act it appeared that the deceased was employed in defendant's coal breaker as a slate picker; at times he assisted in keeping the coal moving in the chutes. During the lunch hour he jumped into a chute to take a ride; as he did so some one outside drew coal and he was drawn into the coal pocket and suffocated.

Such circumstances do not compel a finding that he was engaged in something wholly foreign to his employment. In the absence of evidence that he violated any act of assembly or rule or regulation of his employer an award of compensation will be sustained.

The phrase "in the course of his employment" as used in our Workmen's Compensation Act has been construed to be broad enough to include every injury received on the premises of his employer, during the hours of his employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto.

Argued December 5, 1927. Appeal No. 281, October T., 1927, by defendant from judgment of C. P. Schuylkill County, No. 454, March T., 1927, in the case of Helen Oldinsky v. The Philadelphia Coal and Iron Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from an award of Workmen's Compensation Board. Before BECHTEL, P. J.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was the judgment of the court.

*John F. Whalen,* and with him *George Ellis,* for appellant, cited: Granville v. Scranton Coal Company, 76 Pa. Superior Ct. 335.

*Roger J. Dever,* for the appellee, cited: Hale v. Savage Brick Co., 75 Pa. Superior Ct. 454; Dzikowska v. Superior Steel Co., 259 Pa. 578.

Opinion by Keller, J., March 2, 1928:

The Philadelphia and Reading Coal and Iron Company appeals from the judgment of the court below sustaining an award by the Workmen's Compensation Board to the mother of one of its employes who was accidentally killed at its Reevesdale Colliery. Appellant admits the employment of the deceased boy, his accidental death on its premises, and the dependency of the claimant. It disputes that the accident resulting in the boy's death occurred in the course of his employment.

The phrase, 'in the course of his employment,' as used in our Workmen's Compensation Act has been construed by our Supreme Court to be "broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto": Callihan v. Montgomery, 272 Pa. 56, 63.

In this case the deceased employe was a slate picker, working in the appellant's breaker, and his presence on the appellant's premises was required by the nature of his employment. There is nothing in the case that even hints at any abandonment of his work by him. The accident occurred during the noon hour when the employes stopped work for lunch but remained on the premises. Adjoining the breaker which has seven chutes, and forming part of the one operation—

"coupled right to the breaker," was the assistant fore-man's statement—are the retail coal chute pockets, five in number, which are supplied from the breaker by a shaker chute. These retail coal pockets are about fifty feet from the breaker. There is a platform four and a half feet wide around them with a wooden banister about three feet high. The chute leading into the coal pocket is 24 feet long. A boy is stationed there whose duty it is to see that the coal keeps mov-ing in the chute; if blocked below where he can reach with a three and a half foot paddle, it is "up to him" to start it moving, which could be done by getting in the chute,—so the assistant foreman testified.

On the day of the accident a number of the mine boys were playing ball during the lunch hour just out-side the retail coal pockets, and four boys, including the deceased and the boy whose business it was to keep the chutes clean and the coal moving in them, were on the platform looking out of the window at the ball game. There was evidence that during lunch hours the deceased boy helped from time to time to keep the chutes clean of coal, that is to keep the coal moving in them.

The referee made the following findings from the evidence: "The decedent was a lad sixteen years of age who was a slate picker at the before-mentioned colliery. On June 14th, he with other boys at the noon hour went into a building in connection with the col-liery that housed coal pockets, and stood on a plat-form looking out the window at boys on the outside playing ball. It was customary for these boys to do this at the noon hour; that is, for some boys to play ball and other boys to go into this building to watch them through the windows. The platform on which these boys stood and which extended around the coal pockets frequently required to be cleaned up, that is, the coal to be cleaned off it. It was also necessary to keep

the pockets full of coal. This was the work of one of the boys who was watching the game of ball. Occasionally the dead boy would help clean the platform of coal. The day on which he was killed he jumped over the railing surrounding the platform into the chute to take a ride. As he did so someone drew coal on the outside of the building from this retail pocket and the boy was swept down into the chute and suffocated."

There was evidence to support all these findings. This concludes us as to the facts found; leaving only the duty to ascertain whether the law has been properly applied: Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 209; Gailey v. State Workmen's Ins. Fund, 286 Pa. 311, 317. From these findings the referee concluded, and the board determined, that the decedent came to his death from an accident in the course of his employment.

While the case is near the border line we think the referee's conclusion is sustainable by the rulings of the Supreme Court in Dzikowska v. Superior Steel Co., 259 Pa. 578; Carlin v. Coxe Bros. & Co., 274 Pa. 38; and of this court in Hale v. Savage Brick Co., 75 Pa. Superior Ct. 454; Blouss v. D. L. & W. R. Co., 73 Pa. Superior Ct. 95; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Waite v. Pittsburgh Limestone Co., 78 Pa. Superior Ct. 7; that what the boy was doing on his employer's premises during the lunch intermission was not such an act as compelled a finding that he was engaged in something wholly foreign to his employment.

There is no evidence in the case that the deceased boy violated any act of assembly: Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84, or any rule or regulation duly promulgated by the employer.

The judgment is affirmed.