Adams *v*. Colonial Colliery Co., Appellant.

188

Argued October 26, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*F. B. Moser,* and with him *M. M. Burke,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:

The claimant in this compensation case was injured on January 28, 1929, by receiving a broken leg while in the employ of the appellant. He was a car loader and his duties took him to various parts of the premises, and on occasions required him to work overtime. On the day of the accident, the claimant was notified that he would be required to work overtime that night, and shortly after the lunch hour, he boarded a mine locomotive enroute to No. 6 slope, another part of the mine, for the purpose of telephoning his wife of his intention to work overtime and to get some tobacco. When his employment required him to go to other places on the premises he rode the locomotive upon which he was injured. From the testimony of another workman in the same line of duty, it appeared that arrangements existed that when an employee worked overtime he could telephone his family that he would be late reaching home.

The referee held that the claimant was injured in the course of employment and made an award. The compensation board, upon an appeal, reversed the decision of the referee, holding that the employee took himself out of the course of employment, and denied compensation. Claimant appealed to the court of common pleas, which set aside the decision of the board and reinstated the findings of the compensation referee.

This appeal raises the question whether the claimant's departure from his work was an act wholly foreign to, and an abandonment of, his employment, or whether it was merely an innocent or inconsequential departure from his place of duty: Leacock v. Susquehanna Collieries Co., 98 Pa. Superior Ct. 581. Em-

ployment is not broken by intervals of leisure, such as those taken for a meal, or to procure a drink, or refreshments, or food, or fresh air, or to rest in the shade, especially where the accident occurs on the employer's premises: Gurski v. Susquehanna Coal Co., 262 Pa. 1; Dzikowska v. Superior Steel Co., 259 Pa. 578; Blouss v. D. L. & W. R. R. Co., 73 Pa. Superior Ct. 95; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Bradley v. Congoleum Nairn, Inc., 92 Pa. Superior Ct. 374.

It has been frequently decided that the provision of the Workmen's Compensation Act is broad enough to include every injury received on the premises of the employer during the hours of employment, so long as the nature of employment demands the employee's presence there, regardless of whether he is actually required to be at the particular place where the injury occurred. These rulings are subject, however, to the provision that there is nothing to show that he had virtually abandoned the course of his employment, or that he was, at the time of the accident, engaged in something wholly foreign thereto: Callihan v. Montgomery, 272 Pa. 56, 63; Malky v. Kiskiminetas Val. Coal Co., 278 Pa. 552, 555. It is true that in Kuca v. Lehigh Val. Coal Co., 268 Pa. 163, 167, compensation was refused where the deceased deliberately left his regular working place and travelled some distance to another part of defendant's mine, entering an abandoned opening where he caused an explosion of gas. But there the facts indicate that the injured man had voluntarily left the course of his employment, whereas, here, they indicate the contrary.

We adopt the convincing reasoning in the opinion of the judge that "the act of the claimant in thus intending to inform his wife was reasonable, and perhaps a necessary precaution to insure his peace of mind, concerning the worries and anxieties of his wife,

if his absence were not explained. Although not necessarily conducive to the purpose of his employment it would assuredly minister to his personal comfort and hence come within the class of injuries contemplated in the case of Dzikowska v. Superior Steel Company, supra. The evidence not only fails to disclose any intention to abandon the employment but to the contrary thereof, affirmatively establishes that there was no such intention. Moreover, a strong circumstance in claimant's favor lies in the fact that his act in leaving his work was not merely whimsical or capricious but dictated rather by the fact that the nature of his work called upon him to work overtime. In the absence of that circumstance the necessity for the mission would not have arisen and the accident probably would not have occurred. His act in leaving for the purpose indicated does not strike us as being unusual. Nor do we think that in so doing he took himself out of the course of his employment. We therefore conclude that the accident is within the meaning and intention of the Workmen's Compensation Act and the spirit of the decisions in the interpretation of that act and that compensation should be awarded.''

Judgment is affirmed.