## Garancosky v. Chervanik

*Daniel W. Kearney*, for claimant.
*John L. Pipa, Jr.*, for defendant.

MORGANROTH, P. J., February 23, 1937. — This is a compensation case. Claimant, Michael Garancosky, while working for defendant, Michael Chervanik, at a coal washery, suffered a total disability when his left arm was caught in a wheel and muscles and ligaments were torn. This state of facts was found by the referee and there is competent evidence to sustain the finding.

It is admitted by claimant that the coal washery where the accident occurred was a bootleg operation; that he knew it was a bootleg operation when he began to work for defendant. To "bootleg" is defined in Webster's New

International Dictionary (2d ed.) as "To produce or obtain for sale or distribution, or to sell or distribute, illicitly", and a "bootlegger." as "one who bootlegs".

From this fact the referee arrived at the conclusion of law that claimant was not an employe within the meaning of The Workmen's Compensation Act of June 2, 1915, P. L. 736, and compensation was disallowed.

On appeal, the Workmen's Compensation Board set aside this conclusion of law and substituted the following:

"Claimant, having met with an accident on November 5, 1935, while in the course of his employment with defendant, is entitled to compensation in accordance with the provisions of The Workmen's Compensation Act of 1915, as amended."

They awarded claimant compensation on a basis of total disability, to continue until such disability changes in nature and extent.

Defendant's appeal from this conclusion and award of the board raises but one question: Whether a workman who performs labor for another, well knowing his employer is engaged in an unlawful act, is compensable.

Counsel for claimant, citing Ferrante v. Ferrante et al., 123 Pa. Superior Ct. 74, contends that the court has no power to set aside the findings of the board and reinstate the findings and award of the referee, and that therefore the award of the board can not be disturbed. But it is the duty of the court to determine not only whether there is any legally competent evidence to support the findings of fact, but also whether the law has been properly applied: Barton v. Pittsburgh Coal Co., 113 Pa. Superior Ct. 454. There is competent testimony to support the finding that claimant was injured while in the course of his employment, but under the undisputed facts in the case, that claimant knew that his employer's operation was an illegal one, the question whether he is entitled to compensation in accordance with the provisions of The Workmen's Compensation Act becomes a question of law, the question before us in this case.

The basis of a claim for compensation is a "contract of hiring": Section 302 (*a*). There can be no contract to perform an illegal act. Such a purported contract is void. The contract of hiring as set forth in the statute must be a legal one, for the performance of duties not in violation of law. This principle should need no citation of authority; early cases, however, state the proposition. A contract made about a matter which is prohibited by statute is void, though the statute itself does not expressly declare that it shall be so: Columbia Bank & Bridge Co. v. Haldeman, 7 W. & S. 233. An action founded upon a transaction prohibited by a statute cannot be maintained, although a penalty be imposed for violating the law and it be not expressly declared that the contract is void: Seidenbender et al. v. Charles' Administrators, 4 S. & R. 151. It was held in Oldinsky v. The Philadelphia & Reading Coal & Iron Co., 92 Pa. Superior Ct. 328, that: "In the absence of evidence that he violated any act of assembly or rule or regulation of his employer, an award of compensation must be sustained." The converse of this proposition is equally true, that if a claimant violates an act of assembly in the performance of his work an award of compensation will not be sustained.

Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84, was a case where compensation was sought for injuries sustained by a workman who entered a portion of mines blocked off and declared unsafe by a mine foreman. The law as there laid down is applicable here. It was held that there can be no legal excuse for failure to comply with a statutory requirement, and that the law will not permit the offender, the penalty paid or unpaid, otherwise to reap substantial fruits from the crime. The court, through Mr. Chief Justice Kephart, then said at page 88:

"We have consistently followed a public policy announced long ago by this court; it will not aid a man who grounds his cause on an immoral or illegal act. As stated in Badgley v. Beale, 3 Watts 263, 'Every contract made for, or about, any matter or thing which is prohibited and

made unlawful by statute, is a void contract, though the statute itself doth not mention that it shall be so, but only inflicts a penalty on the defaulter.' The cases of each class, however, are clear and full to prove that where the services were rendered in a transaction which was itself an immediate and direct breach of the laws, an action for compensation can not be maintained."

A compensation case more directly in point is that of Snyder v. Morgan, 9 N. J. Misc. 293, 154 Atl. 525. We quote from the opinion, at page 293:

"The petitioner-appellant was engaged as a bartender by the respondent, and on September 6th, 1929, was hit in the face with a bottle when he refused or was unable to serve whisky to five or six ruffians, who invaded the barroom where he was employed, causing the loss of his left eye; for which injury compensation is claimed. A petition was duly filed, and, after a hearing, was dismissed by the workmen's compensation bureau. An appeal to this court is taken.

"Petitioner contends that his employment was merely to sell near beer, but a reading of the evidence in the case is convincing, and I find, that the contract of hiring was to dispense liquor in violation of law, and that the terms of the original contract of employment were never changed.

"The contract to act as a bartender for the sale of liquor was an illegal one, and both the employer and employe were subject to indictment and conviction for conspiracy to violate the prohibition laws.

"In the case of *Hetzel* v. *Wasson Piston Ring Co.*, 89 N. J. L. 201, the Court of Errors and Appeals held that the Workmen's Compensation act did not apply to contracts which the legislature had already prohibited the parties from making. And in the case of *Boyle* v. *Splinter*, 101 Id. 91, Chief Justice Gummere, speaking for the Court of Errors and Appeals, stated: 'It is only in those cases where the contract of hiring is valid that the Workmen's Compensation act is applicable. Contracts which are pro-

hibited by express legislative enactments do not come within the cognizance of the bureau.' "

In its opinion the board cites the case of Wausau Lumber Co. v. Industrial Commission of Wisconsin et al., 166 Wis. 204, 164 N. W. 836, and applies the language of that case, as follows:

"The rights of an employee or his dependants can not be defeated by interpolating, by implication, into the statute, words limiting it to valid contracts, without going contrary to the manifest purpose of the legislature to burden the products of servant labor with the personal injury incident thereof."

In that case, however, the contract with the principal contractor was made on Sunday, and it was argued that the contract was therefore void and the employer not liable. The court held otherwise, for the reason that all of the work was performed on secular days with the knowledge of the appellant; it therefore consented thereto and received the full benefit thereof. These facts are far different from those of the case at bar, where claimant with full knowledge aided and abetted his employer in the commission of a crime.

Here we have a workman who with full knowledge assists his employer in preparing for market merchandise or products stolen or received as stolen goods. Claimant aids and abets his employer in enjoying profits to be made from such an illegal undertaking. If claimant innocently worked for such a manufacturer or an employer we would not hesitate to declare him compensable if injured, but in this case there is no question of his guilty knowledge. He admits it, and he cannot profit from his complicity in his employer's criminal act.

And now, February 23, 1937, the appeal is sustained, and judgment herewith entered for defendant.