CHITLIK, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*April 9—April 27, 1937.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and by *Coleman & Barry* of Milwaukee, attorneys for the Century Indemnity Company, and oral argument by *Mr. Levitan* and *Mr. John S. Barry.*

For the respondent there was a brief by *Joseph A. Padway,* attorney, and *L. A. Tarrell* of counsel, both of Milwaukee, and oral argument by *Mr. Tarrell.*

FAIRCHILD, J.   There was a conflict in the evidence.   As stated by the trial judge:

"There are roughly twenty facts, uncontradicted as far as the record goes, which go to establish the employer-employee relationship as a matter of law.   There are a half dozen other facts, equally uncontradicted in the record, which have persuasive force against the existence of the relationship."

The only question involved relates to the existence of credible evidence to sustain the finding made by the commission that a relationship of employer and employee did not exist between Morris Chitlik and David Chitlik at the time of the injury.   The facts referred to as tending to establish the non-existence of the relationship also tend to prove that Morris Chitlik was in business for himself.   These facts include the issuing of licenses in his own name and the application for telephone service.   He owned and operated the truck with the license in his name.   The commission when reviewing the matter was impressed by certain circumstances tending to discredit the testimony offered by the claimant.   With reference to the absence of records of transactions in the store conducted by the claimant, the commission says that the testimony of the parties "is so evasive and unsatisfactory that the commission believes it to be incredible."   The findings and order of the Industrial Commission also contain recitals showing that the commission by reason of circumstances established by the testimony were convinced that the claimant owned and operated the store, and adds:

"This assumption is further fortified by the taking of a cigarette and food dealer's license in the name of the applicant, which the city ordinance requires shall be taken by the owner, and the further fact that request for telephone service was signed by the applicant, and that the telephone was listed in his name."

Under well-established rules, the findings of fact of the commission are conclusive. Sec. 102.18 (4), Stats. *Northwestern Iron Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271; *Wausau Lumber Co. v. Industrial Comm.* 166 Wis. 204, 164 N. W. 836; *Goldsworthy v. Industrial Comm.* 212 Wis. 544, 250 N. W. 427, and cases therein referred to. Although inferences might reasonably be drawn to support the conclusion that an employer-employee relation existed, such facts are established from which reasonable inferences might be drawn to support the conclusion that Morris was an independent operator.

*By the Court.*—Judgment reversed, and cause remanded with directions to confirm the order of the Industrial Commission.