Boyd, Appellant, *v.* Philmont Country Club et al.

Argued October 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Carlyle S. Robinson,* with him *Frank E. Gordon* and *Milton M. Weinstock,* for appellant.

*Robert P. F. Maxwell,* with him *George F. Blewett,* for appellee.

OPINION BY RHODES, J., November 10, 1937:

Claimant, a caddy at a golf club, was injured by a ball, driven by a member, which struck him on the head. Claimant filed a petition for compensation, and defendant filed an answer denying that claimant was injured while in the course of his employment.

The referee disallowed the claim. The board, on appeal, remitted the record to the referee to determine who was the employer of claimant and the terms of the contract of hiring. After the second hearing, the referee found that claimant was in the employ of defendant on the day he was injured, and that he was injured when struck by a golf ball driven by another player while claimant was engaged in picking flowers for the member to whom he had been assigned as a caddy. The referee again disallowed compensation on the ground that claimant was injured "while engaged in a casual service, such service not being associated with his regular duties as a caddy and in no way associated with his work as prescribed by the officers of the club." Claimant again appealed to the board, and the referee's findings of fact, conclusions of law, and order of disallowance were affirmed without any reason being given. The court below affirmed the decision

of the board and dismissed the appeal for the reason that the employment of claimant was casual in character and not in the regular course of the business of the defendant. Claimant has appealed to this court.

The undisputed facts show that appellant was employed by defendant to act as a caddy; that he had caddy number 422, issued by defendant; that he was to report for duty each morning at 8 o'clock and remain until 4 p. m.; that upon return, after having served a club member to whom he had been assigned, he was paid by the caddy master or his assistant; that he was also to pick up the papers on the premises every morning; and that he was to be sent out fourth each day.

Section 104, art. 1, of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 PS § 22), which defines the term "employee," as used in the act, excludes from the term "persons whose employment is casual in character and not in the regular course of the business of the employer."

In order to come within the exception in section 104 (77 PS § 22), the employment must be (1) casual and (2) not in the regular course of the business of the employer. These questions are to be determined by the court as matters of law. *Blake v. Wilson*, 268 Pa. 469, 112 A. 126; *Passarelli v. Monacelli et al.*, 121 Pa. Superior Ct. 32, 35, 183 A. 65.

"An employment is casual in character where it is occasional, irregular or incidental as distinguished from regular and continuous, and an employment is in the regular course of the business of the employer only where it has reference to the normal operations which constitute the habitual or regular occupation that the employer is engaged in with an end to winning a livelihood or some gain, excluding incidental or casual operations arising out of the transaction of that business": *Williams v. Baptist Church et al.*, 123 Pa. Superior Ct. 136, at page 141, 186 A. 168, at page 170.

We cannot agree with the referee and the court be-

low that appellant's employment was casual. It did not come about by chance, fortuitously, and for no fixed duration of time (*Blake v. Wilson,* supra) ; nor was he employed only occasionally, irregularly, or incidentally. Appellant reported for work daily, and had regular hours. The employment was plainly in the regular course of the business of the defendant. The work to which he was assigned included caddying for members on defendant's golf course. Conducting a golf course was the business of the defendant, and appellant's work was directly related to such business. Defendant employed a caddy master whose duty it was to employ the caddies and to supervise them while they were employed. In addition to acting as a caddy, appellant's duties required him to police the grounds each morning, pick up the papers and clean up the place. The caddy master testified that, for picking up the papers every morning, appellant was to be sent out fourth every day. Cleaning up defendant's golf course was likewise associated with defendant's business. It is too obvious for argument that appellant's employment was not casual, and was in the regular course of the business of his employer, the defendant. The conclusion that appellant was injured while "engaged in casual service," or that his employment was "casual in character," has no factual support.

The referee found that appellant was in the employ of defendant on May 9, 1932, the day on which the accident occurred; and at the argument before this court defendant's counsel admitted this fact.

The ultimate question to be determined on this appeal is, Was appellant's injury sustained by an accident in the course of his employment?

Section 301, art. 3, of the Workmen's Compensation Act of 1915 (77 PS §411), refers to the term "injury by an accident in the course of his employment," and states that it includes, inter alia, "all injuries caused by the condition of the premises or by the operation of

the employer's business affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

In construing the above provision of the Workmen's Compensation Act (77 PS § 411), it was held, in *Callihan v. Montgomery*, 272 Pa. 56, at page 63, 115 A. 889, at page 891, that it is "broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto."

"The ultimate determination of the applicability of these definitions, under any given state of facts, therefore, depends upon the interpretation or construction of the act, and is a question of law": *Callihan v. Montgomery*, supra, 272 Pa. 56, at page 61, 115 A. 889, at page 891. See *Hein v. Ludwig*, 118 Pa. Superior Ct. 152, 157, 179 A. 917.

The caddy master testified that caddies, when not out on assignment, might go in the woods or on the course, and that they were under his control.

The accident in question occurred at 11:30 a. m. on No. 1 fairway of the golf course of the defendant. This was alleged in the claim petition and not denied in defendant's answer. On the day in question claimant had been assigned by the caddy master, or his assistant, to caddy for one of the members, who, when she had reached the tenth hole of the golf course, requested appellant to walk to the nearby woods and pick some

flowers for her. Appellant, while returning with the flowers, was struck on the head by a golf ball, driven by another member from No. 1 tee, and injured.

There is no dispute as to what appellant's duties were and the type of work he performed, or as to the place and circumstances of the accident. When appellant was injured he was on No. 1 fairway of defendant's golf course, during his hours of employment, at a place where he was permitted, if not required, to be. If his presence was not at the time actually required in the performance of his duties as caddy at the particular spot where he was injured, nevertheless, what he was doing was not wholly foreign to his employment, nor was it an abandonment thereof. Accommodating a club member, as he did, was not in violation of any positive orders of defendant. A refusal to comply with such a slight request, under such circumstances as appear in this case, probably would have resulted in appellant's discharge if complaint had been made by the member. Had he been obliged to recover a poorly directed golf ball for her from an adjoining fairway or woods; had he been picking up papers, as was his daily duty; had he been returning to the clubhouse with the member's golf bag, or to secure a glass of water for her while the game was in progress, we do not believe that any one would contend that appellant had abandoned his employment in so doing.

Defendant's argument is to the effect that there was an abandonment of appellant's employment when he complied with the request of the club member, for whom he had been assigned to caddy by defendant, and went to obtain for her some flowers in the adjoining woods along the fairways. This act constituted no abandonment of his employment. At most, it was an incidental or inconsequential departure from his line or place of duty, and certainly not of such a prominent character as to constitute a break in the course of his employ-

ment. See *Shoffler v. Lehigh Valley Coal Co.,* 290 Pa. 480, 484, 139 A. 192.

Many of our cases have held that trivial and temporary departure from work for employee's personal benefit or for serving others did not break the continuity of employment and prevent recovery for accidental injury occurring on employer's premises. See *Tomlinson v. Clarion River P. Co. et al.,* 96 Pa. Superior Ct. 318; *Blouss v. Delaware, Lackawanna & Western R. R. Co.,* 73 Pa. Superior Ct. 95; *Dzikowska v. Superior Steel Co. et al.,* 259 Pa. 578, 103 A. 351; *Oldinsky v. Philadelphia & Reading Coal & Iron Co.,* 92 Pa. Superior Ct. 328; *Hale v. Savage Fire Brick Co.,* 75 Pa. Superior Ct. 454; *Waite v. Pittsburgh Limestone Co.,* 78 Pa. Superior Ct. 7; *Adams v. Colonial Colliery Co.,* 104 Pa. Superior Ct. 187, 158 A. 183. See, also, *Baumann v. Howard J. Ehmke Co. et al.,* 126 Pa. Superior Ct. 108, 190 A. 343; *Jenkins v. Glen Alden Coal Co.,* 126 Pa. Superior Ct. 326, 191 A. 227; *Siglin et al. v. Armour & Co.,* 261 Pa. 30, 103 A. 991.

On the occasion in question appellant was with a club member by direction of defendant. The slight favor he rendered to her at her request while on the golf course did not take him out of the course of his employment with defendant.

We are of the opinion that the only inference that can fairly be drawn from the undisputed basic facts is that appellant was injured in the course of his employment.

Defendant contends that this case is ruled by *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 110 A. 731. That case does not control the instant case. In that case claimant left his regular working place and went to another section of the mine along which he traveled for some distance until he came to an old abandoned opening, which had been driven to a depth of 120 feet. He and a companion went into this abandoned opening a distance of about 70 feet, and there caused an ex-

plosion of gas. No duty or business called him to the scene of the accident, which was 500 feet distant from his proper working place. When he met death he was not engaged in the business or furtherance of the affairs of his employer. Nothing in the nature of his employment required his presence within 500 feet of the scene of the accident or in that section of the mine where the accident occurred. In the instant case appellant was on the defendant's premises where he had a right to be. He was acting in due consideration of defendant's business. His injury was not sustained while on any adventure of his own.

The judgment of the court below is reversed, and the record is remitted to the court below with direction that it be returned to the compensation authorities for the purpose of determining the extent of claimant's disability and the duration thereof, and to make an award accordingly.