Opinion by
 

 Cunningham, J.,
 

 On July 24, 1938, the first day of his employment to carry bags and rent boats at Hotel Means on the south shore of Lake Erie, Kenneth Lea Roberts, aged 17 years, rowed out alone in a boat one hundred yards from shore, dove into Lake Erie and was drowned. His body, bruised over one eye, was recovered after having been located by ,an airplane di-spatched by the coast guard.
 

 Roberts’ dependent mother, appellant herein, sought compensation from his employer upon the theory that her son’s death resulted from an “injury by ,an accident in the course of his employment,” within the meaning of Section 301 of the Workmen’s Compensation Act of June 4, 1937, P. L: 1552, 77 PS §§411, 431. The defense to her claim was that the decedent’s injury, though accidental, was not sustained upon his employer’s “premises,” nor while he was “engaged in the further
 
 *190
 
 anee of the business or affairs of his employer elsewhere,” and therefore was not suffered “in the course of his employment.”
 

 The compensation authorities disallowed her claim and the court below entered judgment in favor of the defendant employer and his insurance carrier. This appeal by the claimant followed.
 

 We think the law has been properly applied to the practically uncontroverted facts of this case.
 

 We have had occasion in a number of cases to - distinguish between the working “premises” of an employer and the property he may control by ownership or lease. “Premises” is the narrower word and includes only the structures and land, “owned, leased or controlled by the employer and so connected with the business in which the employee is engaged as to form a component or integral part of it”:
 
 Feeney v. Snellenburg & Co. et al.,
 
 108 Pa. Superior Ct. 284, 287, 157 A. 379.
 

 Here, however, it is not necessary to make any distinction between “premises” and “property.” All the property owned or controlled by Means in the vicinity of the hotel may be considered “premises” for the purposes of this appeal.
 

 The record shows he conducts a summer hotel having a frontage of 50 feet on Lake Erie and a wharf, extending out 100 feet from the shore line, from which boats were rented. Decedent, whose mother worked in the hotel kitchen, was employed by Means and began his duties Sunday, July 24, 1938. His duties were to carry the baggage of guests arriving at or leaving the hotel, rent rowboats from the wharf, and act generally as bell boy or porter around the hotel. His working hours were somewhat indefinite, but usually were from ten in the morning until six in the evening.
 

 Between 5:30 and 7:00 p.m. decedent, after eating his supper, was seen to row out alone in a boat. On
 
 *191
 
 reaching a point about 300 feet out in the lake and a like distance west of the hotel frontage and beach, he stood up in the boat, removed his sweat shirt, and, attired only in trunks, dove into the water.
 

 It is clear that decedent sustained his fatal injury by his voluntary act in diving into the lake after his usual working hours and at a point 200 feet beyond the wharf — the nearest point of his employer’s premises.
 

 Granting that the employer, as an owner of land fronting on Lake Erie, had certain riparian and littoral rights therein, including access to its waters and the right to wharve out to navigability
 
 (Philadelphia v. Commonwealth,
 
 284 Pa. 225, 229, 130 A. 491; 45 C. J. Sections 143, 173, pages 490, 514), the drowning in question ¡occurred entirely outside the limits of any such rights as'exercised by this employer. Appellant’s theory of an injury on the premises pf the employer permits of no logical limitation and, carried to its conclusion,
 
 would
 
 include the greater portion of Lake Erie as a part of the hotel “premises.”
 

 The mere fact that the injury was sustained off the employer’s premises would not be conclusive against claimant, provided she met the burden incumbent upon her .of showing her son was engaged, at the time it occurred, “in the furtherance of the business or affairs” of his employer:
 
 Miller v. Keystone Appliances, Inc.,
 
 133 Pa. Superior Ct. 354, 358, 2 A. 2d 508;
 
 Titus v. S. E. Sostmann & Co.,
 
 133 Pa. Superior Ct. 201, 2 A. 2d 580.
 

 There is no evidence in this record which would support a finding that decedent’s duties required him to be out in the lake at the point where he was drowned. Rather, it appears that at the time he met his death he Avas diving in the lake solely for his own pleasure.
 

 His employer testified the boy’s duties were to rent boats from the wharf and haul or carry baggage up and dOAvn the slope from the automobile road to the hotel, Avhich was located on the beach and considerably
 
 *192
 
 lower than the road. The weather was exceptionally clear, with visibility as far as the eye could reach. Any of the hotel’s rented boats could easily be located by a person standing on the shore or wharf. No circumstances appear which might indicate that he was looking for boats rented by the hotel, or performing any other duty connected with his employment. He had been given permission to swim from the wharf, for pleasure, if Mr. Means was present, but had been forbidden to go out in a boat under penalty of losing his job.
 

 The single .eye-witness called before the referee — a private police officer who formerly held decedent’s job and was at the time engaged in working over a motor in a boat at the hotel wharf — testified he saw deceased row out alone, stand up in the boat, remove his sweater and dive in. The only inference which can reasonably be drawn from all the testimony is that this unfortunate boy, after finishing his day’s work, left the premises of his employer upon a purely personal mission, which had no relation to or connection with his employer’s business or affairs, and while engaging for his own pleasure in the sport of diving and swimming sustained a fatal accidental injury.
 

 As the injury did not occur in the course of her son’s employment, the referee and board properly disallowed appellant’s claim.
 

 Such cases as
 
 Oldinsky v. P. & R. C. & I. Co.,
 
 92 Pa. Superior Ct. 328, and
 
 MoCoy v. Spriggs,
 
 102 Pa. Superior Ct. 500, 157 A. 523, cited and relied upon by counsel for appellant, are clearly distinguishable. They are cases in which the injury was sustained'
 
 on the employer’s premises
 
 during a moment of play, recreation or leisure.
 

 The assignments are severally overruled.
 

 Judgment affirmed.